UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
FRANTZ LAFARGUE, *pro se*,

                      Plaintiff,

- against -

RIVER CAFE COMPANY,

                      Defendant.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
12-CV-5336(DLI)(LB)

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se*[1] plaintiff Franz LaFargue ("Plaintiff") filed the instant action against the defendant, River Cafe Company ("Defendant"), alleging discrimination based on national origin, race, and color in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and disability-based discrimination in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA"). (*See generally* Complaint ("Compl."), Docket Entry No. 1.) Defendant moved for partial dismissal of the complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). (*See* Defendant's Partial Motion to Dismiss ("Def. Mot."), Docket Entry No. 12.) Plaintiff did not oppose this motion. (*See* May 16, 2014 Order deeming Defendant's partial motion to dismiss unopposed.) For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

On November 7, 2011, Plaintiff filed a complaint concurrently with the New York State Division of Human Rights ("NYSDHR") and the U.S. Equal Employment Opportunity

---

[1] In reviewing the complaint, the Court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the Court interprets the complaint "to raise the strongest arguments that [it] suggest[s]." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

Commission ("EEOC"). (*See* Declaration of Sarah E. Moss, ("Moss Aff."), Docket Entry No. 13, ¶ 3.) In this complaint ("NYSDHR Complaint"), Plaintiff alleged that he had been "discriminated against because of [his] disability," which he identified as a hernia surgery. (Moss Aff., Exhibit A, at. 5, 9.) Plaintiff also identified September 9, 2011 as the most recent date of discrimination. (*Id*. at 1.) The River Cafe responded to the NYSDHR Complaint on December 27, 2011. (Moss Aff., Exhibit B.) On February 29, 2012, the NYSDHR issued a Determination and Order After Investigation ("NYSDHR Determination") which found that there was "insufficient evidence to establish a causal nexus between Complainant's treatment by Respondent and his disability." (*See* Moss Aff., Exhibit D, 3.)

On October 22, 2012, Plaintiff commenced the instant action by filing a complaint against the River Cafe, asserting claims for disability discrimination in violation of the ADA, and national origin, race, and color discrimination in violation of Title VII. (*See* Compl. at 1-3.) Plaintiff alleges that: (1) he is or was discriminated against on the basis of his race, color, and national origin; (2) he is of African descent; (3) he is tanned; (4) he is from Haiti; and (5) because of his recent surgery, he was terminated from his employment. (*Id.* at 3-4.) Plaintiff did not make any allegations related to Plaintiff's race, color, or national origin in the NYSDHR Complaint. (*See generally* Moss Aff., Exhibit A.)

Plaintiff's initial complaint before this Court was dismissed without prejudice on February 27, 2013 for failure to prosecute. On March 11, 2013, Plaintiff filed a letter motion to reopen the case, which the Court granted on March 18, 2013.

# DISCUSSION

## I. Legal Standard for Dismissal

Under Rule 8(a) of the Federal Rules of Civil Procedure, pleadings must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Pleadings are to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957), overruled in part on other grounds by *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." To resolve such a motion, courts "must accept as true all [factual] allegations contained in a complaint," but need not accept "legal conclusions." *Iqbal*, 556 U.S. at 678. For this reason, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to insulate a claim against dismissal. *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Notably, courts may only consider the complaint itself, documents that are attached to or referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the

plaintiff knew of when bringing suit, and matters of which judicial notice may be taken. *See, e.g.*, *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007).

Although Plaintiff has not opposed Defendant's motion, failure to oppose a 12(b)(6) motion alone cannot justify dismissal of a complaint. *See McCall v. Pataki*, 232 F.3d 321, 322 (2d Cir. 2000) (quoting *Maggette v. Dalsheim*, 709 F.2d 800, 802 (2d Cir. 1983)). In deciding an unopposed motion to dismiss, a court is to "assume the truth of a pleading's factual allegations and test only its legal sufficiency . . . . Thus, although a party is of course to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *See McCall*, 232 F.3d at 322-323. Accordingly, the Court must review the Complaint to determine whether Plaintiff has sustained his burden.

**II.     Plaintiff Failed to Administratively Exhaust His Title VI Claims**

Defendant moves to dismiss the Complaint arguing that Plaintiff's claims under Title VII are time-barred, because Plaintiff failed to file his EEOC complaint within 300 days of the last alleged discriminatory act. (Def. Mot. at 4-5.) The Court agrees. Before filing a Title VII claim in federal court, a plaintiff must exhaust all available administrative remedies by filing a timely administrative charge with the EEOC or a local fair employment agency. 42 U.S.C. §2000e-5(e); *Hoffman v. Williamsville Sch. Dist.*, 443 Fed. Appx. 647, 649 (2d Cir. 2011). Generally, a plaintiff must file an administrative complaint alleging Title VII violations with the EEOC within 180 days of the alleged discriminatory conduct. *See* 42 U.S.C. § 2000e-5(e)(1). However, in a "deferral" state, such as New York, in which there is a designated state or local agency with jurisdiction to consider discriminatory employment claims, the limitations period for filing charges with the EEOC is extended to 300 days. *See* 42 U.S.C. § 2000e-5(e)(1); *Butts v.*

4

*New York Dep't of Hous. Preservation & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993). A plaintiff's failure to file a timely EEOC charge requires dismissal of Title VII claims as time-barred. *VanZant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 712 (2d Cir. 1996).

A plaintiff may still pursue a new allegation not previously set forth in an administrative charge if "it is reasonably related to the allegations in the charge." *Hoffman,* 443 Fed. Appx. at 649. "A new allegation will be considered reasonably related if the administrative charge provided the EEOC with sufficient notice to investigate the allegation." *Id.* Consequently, the central question in deciding whether an allegation is reasonably related, and therefore not time-barred, is whether the complaint filed with the EEOC gave the EEOC adequate notice to investigate discrimination on the newly-raised basis. *Deravin v. Kerik,* 335 F.3d 195, 202 (2d Cir. 2003); *Gomes v. Avco Corp.*, 964 F.2d 1330, 1334 (2d Cir. 1992) ("In determining whether a particular claim is reasonably related to the plaintiffs EEOC complaint, we look not merely to the four corners of the often inarticulately framed charge, but take into account the scope of the EEOC investigation which can reasonably be expected to grow out of the charge ....").

Here, in the underlying administrative charge giving rise to this Complaint, Plaintiff only alleged that he was discriminated against on the basis of a disability. (Moss Aff., Exhibit A, at. 5.) Moreover, Plaintiff never claimed previously to be a member of a protected class based on race, national origin, or color, nor did he check the box on the complaint form indicating he believed he had been discriminated against on any of these bases. (*See id.*) Defendant contends that "there was nothing in the Charge that gave the EEOC adequate notice to investigate discrimination on any of those grounds." The Court concurs and finds that Plaintiff's Title VII claims are not reasonably related to his EEOC Charge, and he thus has failed to exhaust his administrative remedies with respect to his Title VII claims. Notably, the deadline to file an

administrative charge on the basis of race, national origin, or color discrimination has long passed, since Plaintiff claims that the last incident of discrimination took place on September 9, 2011. (Moss Aff., Exhibit A, at. 1.) As such, his deadline to file an administrative charge based on that alleged discrimination was July 5, 2012. Accordingly, Plaintiff's Title VII claims are dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant's partial motion is dismiss is granted. Plaintiff's Title VII claims are dismissed with prejudice. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      March 30, 2015

/s/
DORA L. IRIZARRY
United States District Judge